UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 07-48-2 (EGS) |
| v. : | |
| : | |
| JAMES FRANKLIN SMITH, : | |
| Defendant. : | |

**GOVERNMENT'S MOTION FOR DEPARTURE
AND RECOMMENDATION AS TO SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court, pursuant to Section 5K1.1 of the United States Sentencing Guidelines, to impose a sentence in the instant case that is less than the sentence provided for by the applicable advisory guideline range. In addition, the United States respectfully recommends that the Court sentence the defendant to "time served" and a three-year period of supervised release. In support of its motion and recommendation, the United States relies on the following points and any such other points that it may cite at a hearing.

**Background**

On March 1, 2007, a grand jury returned a one-count indictment against William Poynter, Christopher Cook, and the defendant, charging them with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h). See Presentence Investigation Report ("PSR") ¶ 1. These charges stemmed from the defendant and his co-defendants laundering over $127,000 in cash which they believed to be proceeds from drug trafficking. See id. ¶¶ 7-16 (outlining the defendant's criminal conduct). In 2006, the defendant, inter alia, met with the purported drug dealers (a law enforcement informant and undercover detective) at a Washington, D.C. restaurant and thereafter made three separate bank deposits of cash on behalf of the conspiracy, in the amounts of

$28,400, $37,500, and $56,500 (and, in exchange, collected fees totaling $7,600). The bank accounts were in the name of the True Faith Deliverance Church, a then-defunct church where the defendant had once been a minister. Id. ¶ 17. The defendant, who was arrested on March 2, 2007, pleaded guilty to the indictment on May 30, 2007, and acknowledged his role in the conspiracy. Id. ¶¶ 3-4.

## Defendant's Substantial Assistance

This Office's Departure Guideline Committee approved the filing of the instant motion. The defendant's primary cooperation involved his credible explanation as to each conspirators' role in the money laundering scheme. The defendant met with the prosecutors on multiple occasions and, had he been in satisfactory health, could have testified at Poynter's trial on behalf of the government. However, the defendant was severely ill and hospitalized when the trial transpired. Moreover, it is unlikely that the government would have called the defendant as a witness had he been in fair health. The government had what it believed to be an overwhelming case against Poynter, and in all likelihood would have made a tactical decision (as it did with Mr. Cook) not to call the defendant as a witness. As the Court is aware, the jury convicted Poynter.

## Sentencing Recommendation

The government believes that there are several factors which support its sentencing recommendation:

- The defendant, who is now 61 years of age, has never previously been convicted of a crime. Id. ¶¶ 32-35.

- Although the defendant did not testify at Poynter's trial, he did cooperate with the government at an early juncture and provided important information concerning the money laundering scheme.

- The defendant appears to be remorseful regarding his criminal conduct. See id. ¶ 20 ("Mr. Smith expressed his remorse for becoming involved in the instant offense and stated that it would never happen again.").

- The defendant has been compliant with his conditions of release in this case. Id. ¶ 4.

- The defendant "is in poor health" and, as a result, essentially disabled. Id. ¶¶ 45, 52. He suffers from diabetes, renal failure, hypertension, recurrent seizures, and chronic lower back pain, and has had to be hospitalized and sent to a rehabilitation center multiple times in the last couple of years. Approximately seven years ago, he underwent surgery for a brain aneurysm. Id. ¶¶ 45-46.

- It appears that prior to the deterioration of his health, the defendant had a record of steady employment, including some 29 years of full-time work as a bus driver. Id. ¶¶ 51-55a.

Given these mitigating factors, the United States recommends that the Court impose upon the defendant a sentence of time served and three years of supervised release (the defendant has agreed to pay restitution in the amount of $8,000).

WHEREFORE, for the foregoing reasons, the United States respectfully (i) moves this Court to exercise its discretion to depart downward and impose a sentence below that prescribed by the applicable advisory guideline range; and (ii) requests that the Court sentence the defendant to time

served and a three-year period of supervised release.

                              Respectfully submitted,

                              Jeffrey A. Taylor
                              United States Attorney
                              DC Bar No. 498610

                                /s/
By:                         _____
                              Anthony Scarpelli
                              Assistant United States Attorney
                              DC Bar No. 474711
                              (202) 353-1679
                              anthony.scarpelli@usdoj.gov

                              Gregory G. Marshall
                              Assistant United States Attorney
                              CT Bar No. 409959
                              (202) 353-7557
                              gregory.marshall@usdoj.gov

                              555 Fourth Street, N.W., 4th Floor
                              Washington, D.C. 20530